NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1456
_____

DELAWARE RIVERKEEPER NETWORK; MAYA VAN ROSSUM,
                                                    Petitioners

v.

SECRETARY PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL
PROTECTION; PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL
PROTECTION,
                                                    Respondents

PennEast Pipeline, Co., LLC,
                                                    Intervenor

_____

On Petition for Review of an Order of the Pennsylvania
Department of Environmental Protection
(File Nos. WQ02-005 & CP15-558-000)
_____

Submitted Under Third Circuit LAR 34.1(a)
October 12, 2017

Before:  CHAGARES, JORDAN, and FUENTES, *Circuit Judges.*

(Filed: September 20, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

This case concerns a pipeline project (the "Project") owned by PennEast Pipeline Company, LLC ("PennEast"). The Project involves the construction and operation of a 120-mile interstate natural gas pipeline that will move natural gas from the Marcellus Shale region in northeastern Pennsylvania to delivery points in lower Pennsylvania and New Jersey. At issue is a decision of the Pennsylvania Department of Environmental Protection ("PADEP") to grant to PennEast a Water Quality Certification under Section 401 of the Clean Water Act. 33 U.S.C. § 1341(a)(1). The Petitioner, Delaware Riverkeeper Network ("DRN"),[1] in addition to challenging PADEP's decision on the merits, argues that the Certification issue is not ripe for review. For the reasons that follow, we conclude that we do have jurisdiction and that DRN's challenge to the Certification fails on the merits.

I. **Background**

A. **Regulatory Background**

The Natural Gas Act provides a comprehensive statutory scheme for regulating the transportation and sale of natural gas in interstate commerce and gives the Federal Energy Regulatory Commission ("FERC") exclusive jurisdiction to coordinate the federal authorizations required for pipeline construction. 15 U.S.C. §§ 717(b) and 717n(b). No natural gas company may construct a pipeline until it receives "a certificate of public convenience and necessity" from FERC. *Id*. § 717f(c)(1)(A). FERC

---

[1] For simplicity, we refer to the two Petitioners – the Delaware Riverkeeper Network and Maya Van Rossum, who identifies herself as the Delaware Riverkeeper – in the singular.

may grant such a certificate if it finds that a project complies with the requirements of all relevant federal laws. *Id.* § 717f(e). The states also have a say. Certain regulatory authority is preserved to them under the Coastal Zone Management Act of 1972, the Clean Air Act, and the Clean Water Act. *Id.* § 717b(d).

FERC cannot grant a certificate of public convenience and necessity unless the affected states either waive the exercise of their regulatory power or certify that the pipeline project will comply with the Clean Water Act and other state-administered water quality standards. 33 U.S.C. § 1341(a)(1). Furthermore, states can place limitations on their certifications, which "shall become a condition on any [f]ederal license or permit," *Id.* § 1341(d), including the "certificate of public convenience and necessity." Under Pennsylvania law, PADEP is responsible for Water Quality Certifications, 35 P.S. § 691.5, and any decision of PADEP can be appealed to the Commonwealth's Environmental Hearing Board (the "EHB") within thirty days. 25 Pa. Code § 1021.52(a)(1), (a)(2)(i).

### B. Factual Background

PennEast filed an application with FERC seeking a certificate authorizing it to start constructing its pipeline. As part of that process, PennEast also submitted an application to PADEP on February 9, 2016, seeking a Water Quality Certification pursuant to Section 401 of the Clean Water Act. PADEP issued a notice of that application in the *Pennsylvania Bulletin* and accepted public comments for thirty days. Pa. Dep't. of Envtl. Prot., Bureau of Water Quality Prot., No. 362-2000-001, Permitting Policy & Procedure Manual § 400 at 6. Approximately one year later, on February 7,

3

2017, PADEP issued the requested Certification to PennEast, subject to the conditions that the Project obtain a discharge permit, an erosion and sediment control permit, and water obstruction and encroachment permits. A notice of the approval was promptly published in the *Pennsylvania Bulletin*. That notice instructed aggrieved persons to petition our Court for review of the Certification.

Almost immediately, DRN filed a petition for review, and, some six months later, also filed with the EHB an appeal of PADEP's decision. *Del. Riverkeeper Network v. Dep't of Envtl. Prot.*, No. 1571 C.D. 2017, 2018 WL 3637059, at *3 (Pa. Commw. Ct. Aug. 1, 2018).

## II. Discussion[2]

Despite having filed a petition for review, DRN asserts that its claims are not ripe and that we thus lack jurisdiction in this matter. In the alternative, DRN asks us to rescind the Water Quality Certification on the merits, based on a variety of claims. We addressed many of those claims in our recent decision in *Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, Nos. 16-2211/2212/2218/2400, --- F.3d ---, 2018 WL 4201626 (3d Cir. Sept. 4, 2018) (*Riverkeeper III*).

---

[2] Our jurisdiction is disputed. *See infra* Section II.A. "[W]e review for arbitrary and capricious agency action." *Del. Riverkeeper Network v. Sec'y of Pa. Dept. of Envtl. Prot.*, 870 F.3d 171, 179 (3d Cir. 2017) (*Riverkeeper II*).

### A.    Jurisdiction

We have original and exclusive jurisdiction to hear "any civil action for the review of an order or action of a [f]ederal agency … or State administrative agency … to issue, condition, or deny any permit, license, concurrence, or approval" of a permit required by the Natural Gas Act.  15 U.S.C. § 717r(d)(1).  "[W]hen such agency action is made 'reviewable by statute', the Administrative Procedure Act authorizes a broad scope of review, without limiting courts to considering only federal law."  *Riverkeeper III*, 2018 WL 4201626, at *9 (internal citation omitted).  Nevertheless, DRN contends that we lack jurisdiction to review its petition.  Relying on *Berkshire Environmental Action Team, Inc. v. Tennessee Gas Pipeline Co., LLC*, 851 F.3d 105 (1st Cir. 2017), it argues that the Natural Gas Act only permits us to hear suits involving final agency actions and that PADEP's decision is not final until the EHB has ruled on its appeal.  That argument, however, is foreclosed by our decision in *Riverkeeper III*, 2018 WL 4201626, at *6, a case with nearly identical facts, in which we held that a decision by PADEP is a final agency action that is fully ripe for review.[3]  There, we held that *Berkshire Environmental* is inapposite because of differences between the Massachusetts law at issue in that case and Pennsylvania's regulatory scheme.  *Riverkeeper III*, 2018 WL 4201626, at *5.  That remains true here.  Unlike the decisions of the Massachusetts Department of Environmental Protection at issue in *Berkshire Environmental*, which were without legal

---

[3]  Moreover, even before our decision in *Riverkeeper III*, this suit was likely ripe. By waiting more than thirty days to file their petition with the EHB, DRN arguably forfeited its right to appeal PADEP's decision to the EHB, and, if that right was forfeited, PADEP's decision was thus final.  *Riverkeeper II*, 870 F.3d at 178.

effect until after the period to appeal had passed and where the appeal was conducted within the same agency, PADEP's decisions are "immediately effective" and "[t]he Department and Board are entirely independent agencies." *Riverkeeper III*, 2018 WL 4201626, at *5. Thus, DRN's petition is now ripe and we have jurisdiction to review the merits of its claim.

### B. DRN's Claims

Turning to the merits, DRN contends that we should rescind PADEP's issuance of the Water Quality Certification. It says that there was a lack of notice, that PADEP arbitrarily and capriciously violated its own procedures, that PADEP violated the Pennsylvania Constitution, and that PADEP violated the Takings Clause of the Fifth Amendment to the United States Constitution. We disagree on all counts.

DRN first argues that PADEP's grant of the Water Quality Certification is invalid because the notice and comment period for the Certification predated the issuance of certain required underlying permits. But *Riverkeeper III* forecloses that argument. "Notice need only be adequate to allow interested parties to participate meaningfully in the process that is actually pending, and PADEP's process for granting Water Quality Certifications does not involve immediate consideration of any substantive permits. … Since PADEP is not required to conduct that review at this stage, it would make little sense to require it to provide notice of the same." *Id.* at, *7.

Next, DRN asserts that PADEP's decision to issue the Certification now, conditioned on obtaining further permits later, was arbitrary and capricious because the agency did not follow its own rules. But that argument too is resolved by an earlier case.

6

As we stated in *Riverkeeper III*, our decision in *Delaware Riverkeeper Network v. Secretary Pennsylvania Department of Environmental Protection*, 833 F.3d 360 (3d Cir. 2016) (*Riverkeeper I*), "held that PADEP's preferred procedure for considering Certifications along with other permits was not arbitrary and capricious because … since no construction can begin before [PADEP] grants the substantive permits, and all interested parties will have a full opportunity to weigh in … [on those] applications[.]" *Riverkeeper III*, 2018 WL 4201626, at *8.

The third argument DRN advances is that PADEP did not comply with its duties under Article I, Section 27 of the Pennsylvania Constitution, which obligates the Commonwealth's government to hold its natural resources in trust. That argument fails, if for no other reason, because PADEP's decision to grant a Water Quality Certification is conditioned on obtaining other substantive permits for which PADEP will still have to consider Article I, Section 27. *See Riverkeeper III*, 2018 WL 4201626, at *9 (concluding that argument "fails for the same reason that we rejected Petitioners' argument that PADEP's decision to grant a Water Quality Certification conditioned on obtaining other permits was arbitrary and capricious[, because the] … Petitioners cannot show that they have been harmed by the … [conditional] decision[.]").

Lastly, DRN argues that PADEP's issuance of a conditional Water Quality Certification violated the Takings Clause of the Fifth Amendment to the United States Constitution. Regardless of the merits of that assertion, and ignoring serious questions about DRN's standing to raise a takings argument, *cf. Gunpowder Riverkeeper v. FERC*, 807 F.3d 267, 274-75 (D.C. Cir. 2015) (considering "whether an injury arising

7

specifically by reason of eminent domain can sustain a claim under the [Clean Water Act]" and determining that it cannot because such an injury is outside of the zone of interests protected by the statute), we do not reach the merits of that argument. It is essentially "a challenge to FERC's order granting a Certificate of Public Convenience and Necessity … [and] may only be challenged by a request for rehearing before FERC itself, or by a petition for review by an appropriate federal circuit court." *Riverkeeper III*, 2018 WL 4201626, at *8. As such, that contention cannot be properly brought before us.

## III. Conclusion

For the foregoing reasons, we will deny the petition for review.